```
             UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| 801 ASBURY AVENUE, LLC, | 1:20-cv-16522-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| GREAT AMERICAN INSURANCE COMPANY, | |
| Defendant. | |

**APPEARANCES**:

JONATHAN WHEELER
LAW OFFICES OF JONATHAN WHEELER
1617 JFK BOULEVARD
SUITE 1270
ONE PENN CENTER
PHILADELPHIA, PA 19103

   *On behalf of Plaintiff*

KEVIN F. BUCKLEY
CRAIG R. RYGIEL
KATHARINE ANNE LECHLEITNE
MOUND COTTON WOLLAN & GREENGRASS LLP
30A VREELAND ROAD
FLORHAM PARK, NJ 07932

   *On behalf of Defendants*

**HILLMAN**, **District Judge**

   This matter concerns an insured's claims against its insurance company arising from its claim for damage to its property caused by a water leak.  Presently before the Court is the insurance company's motion to dismiss the insured's claims for breach of the implied covenant of good faith and fair

dealing and for bad faith.  The insurance company requests that if the bad faith claim is not dismissed, the Court sever the insured's bad faith claim and stay discovery on that claim pending the resolution of the insured's breach of contract claim.  For the reasons expressed below, the insurance company's motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff, 801 Asbury Avenue, LLC, owns and operates the property at 801 Asbury Avenue, Ocean City, New Jersey.  According to Plaintiff's complaint, Defendant, Great American Insurance Company, issued to Plaintiff a policy of insurance, policy number MAC E446056 00, effective March 19, 2019 to March 19, 2020, which provided coverage for, among other things, damage to the structure for water damage sustained as a result of water which escapes from a plumbing or heating system and for business income loss suffered as a result of this event.

On December 9, 2019, a water pipe located on the 6th floor burst, inundating the building with water and causing a substantial interruption of Plaintiff's business operation.  Plaintiff provided notice of this loss to Great American on December 11, 2019.  Great American acknowledged the claim on December 16, 2019 and assigned claim number A00258398.

Great American hired Engle Martin & Associates to inspect the loss.  On December 19, 2019, Engle Martin inspected the

property and prepared an estimate through its employee, Joe Gould, who estimated the damage to be in the amount of $42,683.99. Great American provided the report to Plaintiff on December 23, 2019.

Plaintiff's contractor, Reliance Contracting and Renovating, Inc., inspected the damage to the building[1] and prepared an estimate assessing the damage in the amount of $270,302.43. The estimate was provided to Great American on December 19, 2019.

On April 23, 2020, Great American confirmed Plaintiff's damage claim. The letter informed Plaintiff that Great American was continuing its investigation into its claim, and in order to assist in the investigation, Great American demanded that Plaintiff submit a sworn statement of proof of loss. Great American also informed Plaintiff that it hired a law firm, and an attorney from that firm would be conducting an examination under oath of Plaintiff's principal, James McCallion.

On May 6, 2020, Plaintiff submitted its sworn statement of proof of loss. On May 21, 2020, Great American advised Plaintiff:

> 1. The proof of loss is deficient as it fails to provide detail or support for 801 Asbury's claim. In particular, the proof of loss does not contain any back-up

---

[1] It is unclear from the complaint and supporting documents the date Reliance inspected the property and prepared the report.

3

>   or supportive documentation for the cause of loss or calculations contained therein.
>
>   2.  The "whole loss and damage" listed is noted to be "subject to abatement and appraisal." However, no further-information is given about "abatement and appraisal." Given the time that has passed since the date of loss, 801 Asbury should, at the least, have information about abatement.
>
>   3.  Similarly, 801 Asbury should, at the least, have some calculations and supportive documentation from the date of loss through the present date if it is making a claim for business income loss or extra expense loss.
>
>   4.  Additionally, 801 Asbury should have support for the estimate cost of repairs to the building.

Great American demanded that Plaintiff prepare another sworn statement of proof of loss.

Plaintiff claims that Great American's statement that it failed to provide detail or support for Plaintiff's claim is false and misleading, and made solely for the purpose of delaying and denying Plaintiff's claim for its covered loss, because Great American had already acknowledged in its April 23, 2020 correspondence that it received Reliance Contracting and Renovating, Inc.'s estimate of the cost to repair in the amount of $267,429.73.

Plaintiff further claims that Great American made misrepresentations concerning the lack of documentation for "abatement and appraisal" because the proof of loss makes reference to "adjustment and appraisal." Plaintiff also claims that even though Great American referred to an "ongoing

4

investigation," it did not indicate what ongoing investigation was being pursued in violation of the New Jersey Unfair Claims Settlement Practices.

On June 24, 2020, McCallion appeared for an examination under oath by Great American's counsel.  McCallion testified for three hours concerning the facts and circumstances of Plaintiff's claim.  On August 7, 2020, Great American sent correspondence to Plaintiff stating that it would issue a check in the amount of $32,786.07, which consisted of $30,626.07 for damage to the building, and $2,160.00 for business income loss.

Plaintiff claims that Great American's letter made multiple misrepresentations of fact for the purpose of denying or diminishing its claim:

> a.   The letter incorrectly states the date of loss as December 9, 2012 rather than December 9, 2019;
>
> b.   Misrepresenting that 801 Asbury Avenue was improperly claiming damage for a pre-existing loss of 2013 in the absence of any evidence whatsoever that there was pre-existing damage in the building from a loss in 2013 at the time 801 Asbury Avenue purchased the building on March 20, 2019, as testified by James McCallion in his Examination Under Oath;
>
> c.   Misstatements concerning the extent of damage to units 403, 407, 300 and 301 when this misrepresentation was false and made solely for the purpose of depriving 801 Asbury Avenue of benefits owed under the policy;
>
> d.   Threatening 801 Asbury Avenue with prosecution for "concealment, misrepresentation or fraud" when it knew that the only misrepresentation and fraud committed in connection with this claim had been committed by Great American.

5

(Docket No. 14 at 5.)

Based on the forgoing, Plaintiff filed a two-count complaint against Great American. Plaintiff's first count is for breach of contract. Plaintiff claims that Great American breached their contract by failing to pay benefits which are due and owing under the policy of insurance as a result of the covered loss on December 9, 2019. Within that same claim Plaintiff claims that Great American also breached the implied covenant of good faith and fair dealing which is contained in every contract.

Plaintiff's second count is for "Bad Faith" pursuant to Pickett v. Lloyd's, 621 A.2d 445 (N.J. 1993). In this count, Plaintiff claims that "Great American, by its acts and omissions as set forth above, has denied benefits to 801 Asbury Avenue which were not 'reasonably debatable' and by its conduct intended to deny, delay and defend 801 Asbury Avenue's claim has breached its covenant of Good Faith and Fair Dealing which has resulted in damage and losses to Plaintiff." (Docket No. 14 at 6.)

Great American has moved to dismiss Plaintiff's breach of the implied covenant of good faith and fair dealing contained within Plaintiff's breach of contract count because it is duplicative of Plaintiff's second count. Great American has

6

moved to dismiss Plaintiff's second count for deficient pleading.  In the alternative, Great American has moved to sever and stay Plaintiff's bad faith claim until Plaintiff's breach of contract claim is first resolved.  Plaintiff has opposed Great American's motion.

## DISCUSSION

### A.   Subject matter jurisdiction

Defendant removed this action from state court, averring that this Court has jurisdiction over the matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a).  Plaintiff, 801 Asbury Avenue, LLC, is a citizen of New Jersey because its sole member, James McCallion, is a citizen of New Jersey.  See Docket No. 7 at 1; Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (explaining that the citizenship of an LLC is determined by the citizenship of each of its members).  Defendant, Great American Insurance Company, is a citizen of Ohio (its state of incorporation and where it has its principal place of business).  See Docket No. 1 at 1; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

7

**B.     Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a

8

plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only

consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

    **c.  Analysis**

        **1.  *Breach of the implied covenant of good faith and fair dealing***

Plaintiff claims that Great American's payment of only $32,786.07 of its $270,302.43 claim breached the parties' insurance contract, breached the implied covenant of good faith and fair dealing, and constituted bad faith.  Great American contends that Plaintiff's claim for a breach of the implied covenant of good faith and fair dealing is not only repleaded in Plaintiff's second count, it is the same as its bad faith claim, and it therefore must be dismissed.

    The Court agrees.  The New Jersey Supreme Court has found

10

that "every contract imposes on each party the duty of good faith and fair dealing in its performance and its enforcement," and in New Jersey, this obligation is an implied term of every contract, including insurance contracts. Pickett v. Lloyd's, 621 A.2d 445, 450, 131 N.J. 457, 467 (N.J. 1993) (finding that "an insurance company owes a duty of good faith to its insured in processing a first-party claim"). As the Pickett court noted, "Although the allegation of an agent's breach of a duty of care carries tort overtones, the contractual relationship between insured and insurer dominates not only the relationship between them, but also that between the insured and the agent." Pickett, 621 A.2d at 452. Thus, the Pickett court found that "a cause of action for bad-faith failure to pay an insured's claim is consistent with New Jersey law," and it sounds in contract. Id.

Consequently, the requirement to act in "good faith" in processing a claim under an insurance contract is simply the flip-side of the requirement that an insurer may not act in "bad faith" in processing that claim. As such, Plaintiff's claim for the breach of the implied covenant of good faith and fair dealing contained in both of Plaintiff's counts is redundant of, and subsumed by, Plaintiff's bad faith claim and must be dismissed as a stand-alone claim, if Plaintiff had intended it to be as such. See Laing v. American Strategic Ins. Corp., 2014

WL 4953250, at *2 (D.N.J. 2014) (finding that the plaintiff's breach of the implied covenant of good faith and fair dealing claim and bad faith claim were "tantamount to the same cause of action") (citing Pickett, 621 A.2d at 452) (other citations omitted).

### 2. *Whether Plaintiff's bad faith claim is properly pleaded*

In Pickett, the New Jersey Supreme Court answered the question, "What is the scope of that duty [to act in good faith] or what constitutes a bad-faith refusal to pay?" The court held, "[A]n insurance company may be liable to a policyholder for bad faith in the context of paying benefits under a policy. The scope of that duty is not to be equated with simple negligence. In the case of denial of benefits, bad faith is established by showing that no debatable reasons existed for denial of the benefits." Pickett, 621 A.2d at 457.

To meet this standard, "a plaintiff must show the absence of a reasonable basis for denying benefits of the policy." Laing, 2014 WL 4953250, at *3 (quoting Tarsio v. Provident Ins. Co., 108 F. Supp. 2d 397, 400-01 (D.N.J. 2000) (citations omitted) (citing Pickett, 131 N.J. at 473, 621 A.2d 445)). "If a plaintiff demonstrates the absence of a reasonable basis, he must then prove that the defendant knew or recklessly disregarded the lack of a reasonable basis for denying the

claim." Id. (same citations). In other words, an insurance company does not act in bad faith if a plaintiff's insurance claim was "reasonably debatable." A claim is "reasonably debatable" if a plaintiff cannot establish as a matter of law a right to summary judgment on the underlying breach of contract claim. Id. (same citations).

Great American argues that Plaintiff's bad faith claim is insufficiently pleaded because it contains one conclusory statement that Plaintiff's entitlement to it total claim was not reasonably debatable. (Docket No. 14 at 6.) Although it is true that Plaintiff's second count in its complaint contains that conclusory sentence, the body of Plaintiff's complaint, which is incorporated into Plaintiff's bad faith count, contains its alleged factual support for its contention that Great American's denial of its total claim lacked any reasonable basis.

To support its bad faith claim, Plaintiff alleges that Great American:

- made misrepresentations concerning the lack of documentation for "abatement and appraisal,"
- failed to indicate what ongoing investigation was being pursued in violation of the New Jersey Unfair Claims Settlement Practices,

13

- determined that Plaintiff was improperly claiming damage for a pre-existing loss of 2013 in the absence of any evidence that there was pre-existing damage in the building from a loss in 2013,

- made false statements concerning the extent of damage to units 403, 407, 300 and 301,

- threatened 801 Asbury Avenue with prosecution for "concealment, misrepresentation or fraud" when it knew that the only misrepresentation and fraud committed in connection with this claim had been committed by Great American, and

- did all these things with the intentional purpose to deny its $267,429.73 claim, which is supported by the estimate of an actual building contractor, and not by a company, Engle Martin, that provides services as "independent adjusters" for numerous insurance companies including Great American, and instead pay a fraction of that claim.

Accepting these factual allegations as true, Plaintiff has pleaded a plausible claim that Great American's actions demonstrated at least reckless indifference to the lack of a reasonable basis for denying Plaintiff's total claim, and that this improper denial would support Plaintiff's breach of

14

contract claim at summary judgment.  Thus, Plaintiff's bad faith claim against Great American will not be dismissed for insufficient pleading.  See, e.g., Laing, 2014 WL 4953250, at *3 (when taking the plaintiff's bad faith allegations "at face value" regarding insurance company's denial of the plaintiff's claim for property damage, finding that those claims, which are similar to those advanced here, sufficient to withstand the defendant's motion to dismiss for insufficient pleading).

### 3. *Whether Plaintiff's bad faith claim should be severed and discovery stayed*

Having determined that Plaintiff has pleaded a viable bad faith claim against Great American, the Court must determine whether that claim should be severed and discovery on that claim should be stayed.  Great American provides citations to numerous cases that it represents have held that simultaneous discovery on both coverage and bad faith claims is disfavored as a matter of law given that a finding of breach of contract is a necessary prerequisite to the sustainability of a bad faith claim. (Docket No. 17-4 at 15-20.)  In contrast, Plaintiff argues that when the issues in both causes of action involve the same evidence and the same witnesses, severance would improperly fragment the litigation and hinder judicial efficiency, forcing unnecessary excess litigation for both parties.

The court in Riverview Towers Apartment Corp. v. QBE Ins.

15

Corp., 2015 WL 1886007, at *1 (D.N.J. 2015), one of the main cases relied upon by Great American and which involved an insured's breach of contract and bad faith claims against the insurance company, provides a helpful summary of the test to apply in determining whether a claim should be severed:

> Fed. R. Civ. P. 21 provides that, "[t]he court may ... sever any claim against a party."  The decision to sever a claim is left to the discretion of a trial court.  "Severing claims under Rule 21 is appropriate where the claims to be severed are 'discrete and separate' in that one claim is 'capable of resolution despite the outcome of the other claim.'"  The factors courts consider in determining whether severance is warranted include: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted."

Riverview Towers, 2015 WL 1886007, at *1 (internal citations omitted).

For the first factor, the court in Riverview found that because the plaintiff's contract claim concerned the property at issue, while its bad faith claim would address the insurance company's general claims handling procedures, and "viewing bad faith claims as separate and distinct actions promotes judicial efficiency and economy," the first factor weighed in favor of severance.  Id. at *2.

As to the second factor, the court observed:

> plaintiff's contract and bad faith claims require the

16

> testimony of different witnesses and different documentary proof.  As evidenced by plaintiff's interrogatories, plaintiff seeks pre-Superstorm Sandy documents from cases in other jurisdictions and voluminous documents concerning defendant's claim handling procedures, confidential employee salary information, and other subject areas not directly relevant to plaintiff's first-party claim.  Further, plaintiff requests corporate guidelines, documents relating to claims outside the jurisdiction of this Court regarding the adjustment of pre-Superstorm Sandy claims, personnel records, and documents relating to QBE's officers, adjusters, and employees who had nothing to do with plaintiff's claim.  As a result, the second relevant factor to consider weighs in favor of severance.

Id.

For the third factor, the court found that the plaintiff would not be prejudiced if its bad faith claim was severed and stayed because the plaintiff did not know if its amended claim would be denied, let alone whether the insurance company acted or would act in bad faith, and as such the plaintiff's bad faith claim was premature.  Id. at *3.

Finally, for the fourth factor, the court found that the insurance company would be prejudiced if it was forced to litigate the plaintiff's bad faith claim before plaintiff's first-party claim was resolved because the plaintiff had "propounded extensive interrogatories on QBE regarding its bad faith claim," and if the insurance company had "to litigate plaintiff's bad faith claim now it would suffer a significant expenditure of time and money, generally rendered needless if the insurer prevail[ed]."  Id. (citation omitted).

17

Here, this Court agrees with Great American's recitation of the relevant caselaw which shows in many cases that after the assessment of the four factors in that particular case severance of a bad faith claim against an insurer from the insured's underlying breach of contract claim, and the stay of discovery on that claim, was found to be the proper course. As a general principle it makes sense to hold off discovery on an insurer's alleged bad faith when such claim is premised on the insured's success in proving its breach of contract claim. If it is determined that the insurance company did not breach the parties' contract, then it cannot be found that it acted in bad faith, and, thus, discovery on a claim that may never be considered would tend to be a wasteful expenditure of the parties' and the Court's resources. At the same time, however, as Plaintiff argues, if an insured is successful on its breach of contract claim and discovery on the insured's bad faith had been stayed, parties and witnesses may need to be re-deposed and documents re-scanned for relevancy, privilege and other concerns, which would also tend to be wasteful.

These competing concerns are the reason why the four-factor test is employed to determine whether severance and stay is proper in the particular circumstances of an individual case. In this case, Great American has failed to demonstrate how the general principles of severance and stay of a bad faith claim

are specifically applicable here.  Unlike in Riverview, where the plaintiff had propounded extensive interrogatories relating to the production of voluminous documents not directly related to the plaintiff's individual dispute, Great American has not indicated that Plaintiff has demanded documents and other information separate from what Plaintiff would demand for its breach of contract claim.  Thus, even accepting that the first factor has been met, at this time the Court cannot assess the second factor regarding "whether the separable issues require the testimony of different witnesses and different documentary proof," and the subsequent third and fourth factors of the Rule 21 test.

    Consequently, Great American's request to sever Plaintiff's bad faith claim and stay discovery on that claim must be denied without prejudice.  Great American may renew its motion, if appropriate, before the magistrate judge after discovery has commenced.[2]

---

[2] See, e.g., Legends Management Co. v. Affiliated FM Ins., 2017 WL 4284491, at *2 (D.N.J. 2017) (citing 28 U.S.C. § 636(b)(1)(A); L. Civ. R. 72.1(a)(1); 37.1; Fed. R. Civ. P. 21; Rodin Properties-Shore Mall v. Cushman & Wakefield, 49 F. Supp. 2d 709, 721 (D.N.J. 1999)) (stating that magistrate judges are authorized to decide any non-dispositive motion designated by the Court, and this District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions, and finding that based on the plaintiff's discovery demands, the plaintiff's bad faith claim against the insurance company should be severed from its breach of contract claim, and discovery stayed on the bad faith claim

19

**CONCLUSION**

For the reasons expressed above, Great American's motion to dismiss Plaintiff's claims for breach of the implied covenant of good faith and fair dealing will be granted. Great American's motion to dismiss Plaintiff's bad faith count for insufficient pleading will be denied. Great American's request to sever Plaintiff's bad faith count and stay discovery on that count will be denied without prejudice.

An appropriate Order will be entered.


Date: September 1, 2021                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

until the resolution of the breach of contract claim).